NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 30 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MICHAEL DENTON,

Plaintiff-Appellant,

v.

TIM THRASHER, et al.,

Defendants-Appellees.

No.   22-35290

D.C. No. 3:18-cv-05017-BHS

MEMORANDUM*

Appeal from the United States District Court
for the Western District of Washington,
Benjamin H. Settle, District Judge, Presiding

Submitted February 14, 2023**
Seattle, Washington

Before: PAEZ and VANDYKE, Circuit Judges, and LIBURDI,*** District Judge.

Washington state prisoner Michael Denton appeals the dismissal of his

complaint for federal civil rights violations asserted under 42 U.S.C. § 1983.

Denton's complaint alleged that Washington State Correctional Facility ("WSCF")

---

* This disposition is not appropriate for publication and is not precedent except as
provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision without oral
argument.  *See* Fed. R. App. P. 34(a)(2).

*** The Honorable Michael T. Liburdi, United States District Judge for the District
of Arizona, sitting by designation.

officials failed to provide him with adequate mental health treatment in violation of the Eighth Amendment. The district court dismissed the complaint for failure to exhaust administrative remedies following an evidentiary hearing on that issue. Because the parties are familiar with the facts, we do not repeat them here.

We have jurisdiction under 28 U.S.C. § 1291. We review the district court's legal rulings on exhaustion de novo and accept factual findings unless they are clearly erroneous. *Albino v. Baca*, 747 F.3d 1162, 1171 (9th Cir. 2014) (en banc). We may affirm on any basis supported by the record. *Enlow v. Salem-Keizer Yellow Cab Co.*, 389 F.3d 802, 811 (9th Cir. 2004). We affirm.

Under the Prison Litigation Reform Act ("PLRA"), a prisoner may not bring an action "with respect to prison conditions . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). A prisoner may be excused from the exhaustion requirement if limited circumstances exist under which administrative remedies are effectively unavailable. *Ross v. Blake*, 578 U.S. 632, 644–46 (2016).

The district court properly dismissed Denton's complaint because he failed to pursue his underlying grievance beyond the first level of administrative review and failed to present evidence to establish that administrative remedies were effectively unavailable to him. *See Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (explaining that the PLRA requires "proper exhaustion," which means "using all steps the agency

2

holds out, and doing so *properly*" (citation and internal quotation marks omitted)).

Denton argues that the district court erred in finding that he failed to exhaust available administrative remedies because he was never informed of Lieutenant Long's decision to treat the grievance as non-emergent. The district court found that Long informed Denton of his decision to treat the grievance as non-emergent within an hour of its submission. The district court also found that Denton filed this suit while his grievance remained pending on the routine grievance timeline.

Those findings are not clearly erroneous in view of the evidence and testimony before the district court. An observation log indicates that Denton's first grievance was fully transcribed at 12:30 a.m. on January 1; Long spoke to Denton at 1:15 a.m.; and WSCF staff "filed emer. grievance" at 2:15 a.m. The district court reasonably reconciled this timeline to find that the emergency grievance was forwarded to Long before Long spoke with Denton at 1:15 a.m. and that the grievance was then submitted for further processing at 2:15 a.m. the same day.[1] Denton's grievance also

_____

[1] Denton argues that the observation log does not support the district court's finding that Long discussed the grievance during the 1:15 a.m. cell visit. Instead, the observation log notes that Long met with Denton to discuss "restraint bed placement." The district court reasonably inferred that Long discussed the grievance with Denton during the 1:15 a.m. cell visit because the record does not supply any other explanation for Long to be in Denton's cell at that time. As noted by the magistrate judge in his report and recommendation, when an emergency grievance is filed and the grievance coordinator is not available, it is sent to a shift lieutenant or other designee for a determination of whether it should be treated as emergent or routine. At the time he submitted the grievance, Denton was housed in the South Complex and was overseen by Shift Lieutenant Moore, not Long. Moore was named

3

supports the district court's findings, because the nature of it appears largely related to staff misconduct, not a medical emergency. On the grievance, Long noted that the grievance was considered non-emergent and would be submitted for routine review. *Albino*, 747 F.3d at 1171 ("On appeal, we will review the judge's legal rulings on exhaustion de novo, but we will accept the judge's factual findings on disputed issues of material fact unless they are clearly erroneous.").

Neither does the record support Denton's argument that his testimony was discounted because he is an inmate. The district court was presented with two competing versions of events and reasonably chose to credit Long's testimony over Denton's based on the totality of the above evidence, the fact that Denton was in the midst of a mental health crisis on the night in question, and Denton's and Long's respective demeanors while testifying.

The WSCF grievance policy allows the grievance office five business days to respond to non-emergent grievances. Denton filed this lawsuit on January 3, just two days after submitting his grievance. Denton thus did not complete all required steps of WSCF's grievance process, rendering the grievance unexhausted. He has also not met his burden to show that the failure to exhaust should be excused because an

---

in the grievance, however, so it was forwarded to Long for review. Denton does not dispute this or attempt to explain why Long would otherwise be visiting an inmate outside of his assigned unit only to discuss restraint bed placement.

appeal was not "available" within the meaning of the PLRA. *See Ross*, 578 U.S. at 640–46.

   **AFFIRMED.**